**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

DEVEN HURT,
Plaintiff,

Civil Case No. 0:26-cv-62297-RS
District Judge: Rodney Smith

v.

FILED BY ___ D.C.
SEP 10 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

ADRIANA SOFIA URIARTE a/k/a
SOFIA URIARTE and ROBERT URIARTE,
Defendants.

**DEFENDANT ROBERT URIARTE'S MOTION TO DISMISS COUNTS II AND III OF THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Defendant Robert Uriarte ("Robert"), appearing pro se, respectfully moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Counts II and III of Plaintiff Deven Hurt's Complaint for failure to state a claim upon which relief may be granted.

## I. INTRODUCTION

Plaintiff seeks to impose secondary liability on Robert for a Facebook post allegedly authored and published by Defendant Sofia Uriarte ("Sofia"). The Complaint does not allege that Robert authored the post, published it, controlled the account from which it was published, supplied the allegedly defamatory statements, or personally communicated any of those statements to the Facebook group.

Instead, Plaintiff alleges that Robert "knew" Sofia defamed Plaintiff, that Robert "direct[ed] and encourag[ed]" Sofia to make the post, and that Robert and Sofia "agreed to conspire to defame Hurt." Compl. ¶¶ 35–36, 39–40. Those assertions are not accompanied by factual allegations explaining when or how any agreement was formed, what Robert allegedly said or did to direct Sofia, what assistance Robert allegedly provided, how Robert participated in preparing or publishing the post, or how Robert knew of the allegedly defamatory content before publication.

Indeed, Plaintiff expressly characterizes Robert's alleged involvement as an inference: "The only plausible explanation for Sofia's false and defamatory post about Hurt . . . is that Robert told Sofia to make and post the Defamatory Post." Compl. ¶ 22. But an assertion that Robert must have been responsible does not itself supply factual allegations showing that he actually directed, assisted, or agreed with Sofia concerning the publication.

Federal pleading standards require more than labels, conclusions, and a formulaic recitation of the elements of a cause of action. Because Counts II and III depend upon conclusory assertions unsupported by factual allegations plausibly establishing Robert's knowledge, substantial assistance, or agreement to participate in the alleged defamation, both counts should be dismissed.

## II. LEGAL STANDARD

To survive a motion under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. Although the Court accepts well-pleaded factual allegations as true, it need not accept legal conclusions couched as factual allegations. Threadbare recitals of the elements of a cause of action, supported by conclusory statements, are insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–57 (2007).

The Eleventh Circuit likewise requires courts to disregard conclusory allegations and determine whether the remaining factual allegations plausibly support liability. See McCullough v. Finley, 907 F.3d 1324, 1333 (11th Cir. 2018). Allegations that are merely consistent with liability do not cross the line from possibility to plausibility. See Iqbal, 556 U.S. at 678.

## III. COUNT II FAILS TO PLAUSIBLY ALLEGE THAT ROBERT KNOWINGLY AND SUBSTANTIALLY ASSISTED THE ALLEGED DEFAMATION

Count II is styled "Aiding and Abetting Defamation (Robert)." Under Florida law, a claim for aiding and abetting a common-law tort requires allegations of: (1) an underlying violation by the primary wrongdoer; (2) knowledge of the underlying violation by the alleged aider and abettor; and (3) substantial assistance in committing the wrongdoing. See Lawrence v. Bank of Am., N.A., 455 F. App'x 904, 906–07 (11th Cir. 2012); see also Perlman v. Wells Fargo Bank, N.A., 559 F. App'x 988, 993 (11th Cir. 2014).

Plaintiff alleges that Robert "knew that Sofia defamed Hurt by way of the Defamatory Post" and that "[b]y directing and encouraging Sofia to make the Defamatory Post, Robert

Respectfully submitted,

Robert Uriarte
Defendant, Pro Se
14906 Stonebriar Way
Orlando, FL 32826
561-702-3651
Robbyuriarte2@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on September 8, 2026, I served a true and correct copy of the foregoing Defendant Robert Uriarte's Motion to Dismiss Counts II and III of the Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) by email, pursuant to Plaintiff's counsel's written consent to email service, on counsel for Plaintiff Deven Hurt:

Brian W. Toth and Freddy Funes
TOTH FUNES PA
Counsel for Plaintiff Deven Hurt
Ingraham Building
25 Southeast Second Avenue, Suite 805
Miami, Florida 33131
(305) 717-7850
btoth@tothfunes.com

Robert Uriarte
14906 Stonebriar Way
Orlando, FL, 32826

UNITED STATES POSTAL SERVICE®

33301

RDC 99

SEP 08, 2026

$0.29

S2324H504536-26

FREEDOM
FOREVER / USA

Clerk of Court
United States District Court
Southern District of Florida
299 East Broward Boulevard,
Room 108,
Fort Lauderdale, FL, 33301

33301-197799