**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

DEVEN HURT,
Plaintiff,

v.

ADRIANA SOFIA URIARTE a/k/a
SOFIA URIARTE and ROBERT URIARTE,
Defendants.

FILED BY CMC D.C.
SEP 30 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

Civil Case No.
0:26-cv-62297-RS
District Judge: Rodney Smith

**DEFENDANT ROBERT URIARTE'S REPLY IN SUPPORT OF MOTION TO DISMISS COUNTS II AND III OF THE COMPLAINT**

Defendant Robert Uriarte ("Robert"), proceeding pro se, submits this Reply in support of his Motion to Dismiss Counts II and III of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I. INTRODUCTION

Plaintiff's Response does not identify factual allegations supplying the connection missing from Counts II and III. Instead, Plaintiff principally argues that because the Complaint states that Robert "directed and encouraged" Sofia, the Court must accept that assertion as a factual allegation and therefore accept that Robert substantially assisted Sofia and participated in an agreement with her. See Resp. at 5–7.

That argument collapses the distinction between a well-pleaded fact and a conclusion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009), requires courts to identify allegations that are merely conclusions before determining whether the remaining factual allegations plausibly establish liability. Similarly, in *American Dental Association v. Cigna Corp.*, 605 F.3d 1283, 1293–96 (11th Cir. 2010), the Eleventh Circuit declined to accept allegations that defendants "agreed" to the objective of a conspiracy as sufficient by themselves and instead examined whether the factual allegations plausibly supported an agreement.

The same problem exists here. The Complaint alleges that Robert "directed and encouraged" Sofia and that Robert and Sofia "agreed to conspire," but it alleges no communication between them concerning Plaintiff, no instruction, no request, no exchange of information, no assistance in preparing the post, and no other conduct connecting Robert to Sofia's publication. Compl. ¶¶ 22, 35–36, 39–40.

Plaintiff attempts to fill that gap by emphasizing allegations concerning Robert's separate dispute with Plaintiff and arguing that those allegations, together with the fact that Robert and Sofia are siblings, make Robert's involvement a reasonable inference. Robert disputes numerous factual allegations and characterizations concerning his prior interactions with Plaintiff. But those disputes need not be resolved on this Motion. Even accepting those allegations as true solely for purposes of Rule 12(b)(6), they may supply Plaintiff's asserted theory of motive; they do not supply the missing factual allegations of substantial assistance or agreement.

Plaintiff also notes that the copy of the Motion served on counsel was longer than the version initially appearing on the docket. Resp. at 4 n.1. The complete Motion was served on Plaintiff's counsel and was also submitted to the Clerk. Two pages were omitted during the Clerk's scanning of the mailed filing. After Robert notified the Clerk, the Clerk corrected the docket on September 21, 2026, by uploading the omitted pages as attachments. The discrepancy was therefore a clerical scanning issue that had already been corrected before Plaintiff filed the Response.

## II. "DIRECTED AND ENCOURAGED" DOES NOT, BY ITSELF, SUPPLY THE FACTUAL CONTENT REQUIRED BY TWOMBLY AND IQBAL

Plaintiff's principal answer is that the Complaint expressly alleges Robert "directed and encouraged" Sofia and that this statement is itself a factual allegation that must be accepted as true. Resp. at 5–6. But Rule 12(b)(6) does not require a court to accept every assertion merely because it is phrased grammatically as a statement of fact. Plaintiff characterizes the Motion as asking the Court to "ignore" factual allegations and asserts that the Motion cites "no legal authority" for doing so. Resp. at 1. That misstates the Motion. Robert does not ask the Court to disregard well-pleaded factual allegations. The Motion expressly relied on Iqbal, Twombly, and McCullough v. Finley, 907 F.3d 1324, 1333 (11th Cir. 2018), for the settled distinction between well-pleaded facts, which are accepted as true, and conclusory allegations, which are not. Mot. at 2. The issue is therefore whether the assertions that Robert "directed and encouraged" Sofia and

"agreed to conspire" constitute well-pleaded factual allegations or conclusions unsupported by sufficient factual content.

A court accepts well-pleaded factual allegations, not "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. After separating conclusions from factual allegations, the Court asks whether the remaining factual content permits a reasonable inference of liability. *Id.* at 678–79; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007).

The Eleventh Circuit applied that principle in *American Dental*. There, the complaint alleged that defendants participated in a "common scheme and conspiracy" and "agreed to the overall objective of the conspiracy." 605 F.3d at 1293–94. The court did not treat those assertions as sufficient merely because the plaintiffs alleged that an agreement occurred; it examined whether the remaining factual allegations plausibly suggested an agreement. *Id.* at 1294–96.

Paragraph 36 here alleges: "By directing and encouraging Sofia to make the Defamatory Post, Robert substantially assisted and encouraged Sofia's defamation of Hurt." That allegation states the very conduct on which Plaintiff bases the substantial-assistance element, but the Complaint does not identify an underlying act constituting that direction or encouragement. It alleges no communication, instruction, request, exchange of information, assistance in preparing the post, provision of a photograph, identification of the Facebook group, or other act by Robert concerning Sofia's publication.

Robert does not contend that Plaintiff must plead every evidentiary detail or the exact words of a supposed conversation. The deficiency is more basic: the Complaint alleges the ultimate conduct—"directed and encouraged"—without alleging any underlying conduct showing how Robert participated at all.

## III. PLAINTIFF'S RELIANCE ON DISNEY ENTERPRISES DOES NOT CURE THE DEFICIENCY

Plaintiff relies on *Disney Enterprises, Inc. v. Hotfile Corp.*, 798 F. Supp. 2d 1303, 1311 (S.D. Fla. 2011), for the proposition that a plaintiff need not plead facts in "novelistic detail." Resp. at 5–6. Robert does not contend otherwise. But *Disney Enterprises* illustrates the difference between demanding exhaustive detail and requiring some factual content describing the defendant's alleged participation.

In *Disney Enterprises*, the complaint alleged concrete conduct by the individual defendant, including that he managed Hotfile, adopted the challenged business model, personally refused to implement technologies capable of reducing infringement, and paid users to upload files. 798 F. Supp. 2d at 1311. Those allegations described what the defendant allegedly did. The court held that additional "novelistic detail" was unnecessary.

Here, the Complaint identifies no comparable conduct by Robert relating to Sofia's post. It does not allege what Robert did to direct Sofia, what he did to encourage her, what assistance he provided, or any communication or conduct between Robert and Sofia concerning Plaintiff or the post. Requiring some factual content identifying Robert's alleged participation is not a demand for "novelistic detail."

## IV. RULE 9(b)'S RULE FOR PLEADING KNOWLEDGE DOES NOT CURE THE ABSENCE OF FACTS ALLEGING SUBSTANTIAL ASSISTANCE

Plaintiff argues that knowledge may be alleged generally under Federal Rule of Civil Procedure 9(b), relying on *Otto Candies, LLC v. Citigroup Inc.*, 137 F.4th 1158, 1178–79 (11th Cir. 2025). Resp. at 5. For purposes of this Reply, Robert does not dispute that Rule 9(b) permits knowledge and other conditions of mind to be alleged generally. That principle does not resolve the separate substantial-assistance requirement.

Plaintiff's own authority identifies three elements for aiding and abetting a tort under Florida law: an underlying violation, knowledge of that violation, and substantial assistance in committing it. *Taubenfeld v. Lasko*, 324 So. 3d 529, 544 (Fla. 4th DCA 2021). Thus, even assuming knowledge is adequately alleged, Plaintiff must still plead factual content plausibly establishing substantial assistance.

Plaintiff's answer is circular: "the Complaint alleges that Robert directed Sofia to make the post, which is substantial assistance." Resp. at 5. That reasoning assumes the very proposition challenged by the Motion. Plaintiff establishes substantial assistance only by repeating that Robert "directed" Sofia, without identifying any underlying act constituting such direction.

Nor does *Chang v. JPMorgan Chase Bank, N.A.*, 845 F.3d 1087, 1098 (11th Cir. 2017), eliminate the need to plead conduct. *Chang* describes substantial assistance as affirmative assistance, concealment, or failure to act when required to do so. The question remains whether the Complaint contains factual matter plausibly showing such assistance by Robert. It does not.

## V. PLAINTIFF'S ALLEGATIONS CONCERNING ROBERT'S PRIOR CONDUCT DO NOT SUPPLY THE MISSING CONNECTION TO SOFIA'S POST

Much of the Response recounts allegations concerning Robert's prior dispute and interactions with Plaintiff and characterizes Robert's conduct as "unhinged." Resp. at 2–3, 6–7. Plaintiff then relies on that alleged history as circumstantial support for the proposition that Robert must have directed Sofia.

Robert disputes numerous factual allegations and characterizations concerning those interactions. But those factual disputes are not properly resolved on this Rule 12(b)(6) Motion, and the Court need not resolve them to decide it.

Even accepting Plaintiff's allegations concerning Robert's prior conduct as true solely for purposes of this Motion, they concern Robert's own dealings with Plaintiff. They do not allege any interaction between Robert and Sofia concerning the Defamatory Post. Plaintiff alleges that Robert criticized Plaintiff, contacted Plaintiff and third parties, pursued complaints against Plaintiff, and threatened legal or regulatory action. Whatever inference Plaintiff asks the Court to draw regarding Robert's feelings toward Plaintiff, those allegations concern motive. Motive is not substantial assistance, and motive is not an agreement.

Plaintiff's own allegations further undermine his assertion in Paragraph 22 that "[t]he only plausible explanation" for Sofia's post is that Robert told her to make and publish it. The Complaint itself alleges that Robert publicly discussed his dispute with Plaintiff on LinkedIn, quoting Robert as stating that he wanted it "publicly known" that he was a former PredictionStrike user unable to access or withdraw the funds reflected in his account. Compl. ¶ 12(e). The Complaint further alleges that the photograph of Plaintiff used in the Defamatory Post came from Plaintiff's LinkedIn profile and that a basic reverse-image search of that photograph links directly to Plaintiff's LinkedIn profile. Compl. ¶ 23. Thus, Plaintiff's own allegations establish that information concerning Robert's dispute with Plaintiff was publicly discussed on LinkedIn and that information identifying Plaintiff was independently traceable to Plaintiff's LinkedIn profile. Robert does not ask the Court to infer that Sofia actually obtained any information through LinkedIn or a reverse-image search. The point is narrower: Plaintiff's own allegations identify publicly available sources of information concerning both the dispute and Plaintiff's identity. Accordingly, Sofia's awareness of who Plaintiff was does not itself establish that Robert privately communicated with her, much less that he directed or encouraged her to

publish the Defamatory Post. Plaintiff's characterization of private communication from Robert as the "only plausible explanation" is therefore an inference Plaintiff asks the Court to draw, not an independently pleaded fact establishing Robert's participation.

## VI. THE OTHER CIRCUMSTANCES IDENTIFIED BY PLAINTIFF DO NOT PLAUSIBLY ESTABLISH ROBERT'S PARTICIPATION OR AN AGREEMENT

Plaintiff alternatively relies on the facts that Plaintiff allegedly never met Sofia, Sofia and Robert are siblings, Sofia lives in South Florida, and Sofia posted in a New York City Facebook group. Resp. at 6–7. Those allegations may raise a question about why Sofia made the post. They do not answer that question with factual allegations concerning Robert.

The sibling relationship establishes a familial relationship, not a communication or agreement. Sofia's location and the location of the Facebook group establish geography, not direction by Robert. And the allegation that Plaintiff never met Sofia may support Plaintiff's suspicion that Sofia obtained information concerning Plaintiff from another source, but the Complaint alleges no facts identifying Robert as that source or describing any transmission of information from Robert to Sofia.

A plausible claim does not require direct evidence at the pleading stage, and circumstantial factual allegations may support an inference. But the circumstances still must plausibly connect the particular defendant to the actionable conduct. Here, Plaintiff's reasoning ultimately returns to Paragraph 22: because Plaintiff cannot otherwise explain Sofia's conduct, Plaintiff concludes that Robert must have caused it. That is the inferential leap challenged by the Motion.

## VII. COUNT III FAILS BECAUSE THE COMPLAINT ALLEGES AN AGREEMENT WITHOUT FACTUAL MATTER PLAUSIBLY SUGGESTING ONE

The deficiency is particularly clear as to Count III. Plaintiff acknowledges that Florida civil conspiracy requires an agreement between two or more parties, an unlawful objective or unlawful means, an overt act in furtherance of the conspiracy, and resulting damages. Resp. at 6. Plaintiff also correctly observes that an agreement may be express or implied and may be established through circumstantial evidence. But the ability to prove an agreement circumstantially does not eliminate the requirement to plead factual matter plausibly suggesting that an agreement existed.

Indeed, Plaintiff's own Response states that he must provide "some factual context suggesting [that the parties reached] an agreement." Resp. at 6–7. American Dental is directly instructive: the Eleventh Circuit treated allegations that defendants "agreed to the overall objective of the conspiracy" and participated in a "common scheme and conspiracy" as conclusory, then examined whether the remaining facts plausibly supported a meeting of the minds. 605 F.3d at 1293–96.

Paragraph 39 here states: "In or around May 2026, Sofia and Robert agreed to conspire to defame Hurt." That sentence states the agreement required by the cause of action; it does not provide factual matter showing that an agreement occurred. Paragraph 40 repeats that Robert "directed and encouraged" Sofia and that Sofia made the post, but again supplies no conduct constituting Robert's alleged direction or encouragement.

There is no alleged conversation between Robert and Sofia concerning Plaintiff; no alleged message or request; no alleged exchange of information; no alleged joint planning; and no alleged conduct showing when or how a meeting of the minds occurred. Plaintiff instead asks the Court to infer an agreement because Robert previously had a dispute with Plaintiff and Sofia later made the allegedly defamatory post. Those allegations do not supply factual matter plausibly alleging an agreement.

## VIII. THE RESPONSE CONFIRMS THAT THE MISSING FACTUAL ALLEGATIONS ARE NOT IN THE COMPLAINT

The Response is significant for what it does not identify. Plaintiff had the opportunity to point the Court to allegations describing Robert's participation in Sofia's publication. Instead, the Response repeatedly returns to the propositions that Robert "directed" Sofia, "encouraged" Sofia, and "agreed" with Sofia.

Plaintiff identifies no allegation describing a communication between Robert and Sofia concerning Plaintiff; no allegation that Robert provided Sofia with information used in the post; no allegation that Robert supplied the language or photograph; no allegation that Robert selected or identified the Facebook group; no allegation describing any act by Robert in preparing, publishing, or removing the post; and no factual allegation describing how an agreement between Robert and Sofia was formed or manifested.

Rule 8 does not require Plaintiff to prove his case in the Complaint. Robert does not ask the Court to weigh evidence, determine credibility, or resolve whether Plaintiff's allegations are

ultimately true. Robert asks only that the Court apply the distinction required by Twombly and Iqbal: well-pleaded factual allegations are accepted as true; conclusions are not; and the remaining factual matter must plausibly establish liability. The Response does not cure the absence of that factual matter.

## IX. ROBERT'S MOTION DOES NOT CONCEDE THE MERITS OF THE UNDERLYING DEFAMATION CLAIM AGAINST SOFIA

Plaintiff states that Robert "does not contest that Sofia's post was defamatory." Resp. at 4. Robert's Motion challenges Counts II and III asserted against Robert. For purposes of that Motion, Robert did not challenge whether Plaintiff sufficiently pleaded an underlying tort against Sofia because resolution of that issue was unnecessary to Robert's arguments concerning his own alleged knowledge, substantial assistance, and agreement.

That limited procedural position should not be construed as an admission by Robert regarding the truth of Plaintiff's allegations against Sofia or the ultimate merits of Count I. The issue presently before the Court is whether Plaintiff has stated plausible claims against Robert in Counts II and III.

## X. CONCLUSION

For the foregoing reasons, and for the reasons stated in Defendant's Motion to Dismiss, Defendant Robert Uriarte respectfully requests that the Court grant the Motion and dismiss Counts II and III of the Complaint as against him pursuant to Federal Rule of Civil Procedure 12(b)(6), and grant such other relief as the Court deems just and proper.

Respectfully submitted,

**ROBERT URIARTE, Pro Se**
14906 Stonebriar Way
Orlando, Florida 32826
Telephone: 561-702-3651
Email: Robbyuriarte2@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 24, 2026, I served a true and correct copy of the foregoing Defendant Robert Uriarte's Reply in Support of Motion to Dismiss Counts II and III of the Complaint by e-mail, pursuant to Plaintiff's counsel's written consent to e-mail service, upon:

Brian W. Toth and Freddy Funes
**TOTH FUNES PA**
Counsel for Plaintiff Deven Hurt
btoth@tothfunes.com

Robert Uriarte

Align top of FedEx® shipping label here.

ORIGIN ID:TIXA (561) 702-3651
ROBERT URIARTE

14906 STONEBRIAR WAY

ORLANDO, FL 32826
UNITED STATES US

SHIP DATE: 29SEP26
ACTWGT: 0.05 LB
CAD: 6571356/ROSA2710

Part # 156297-435 RRDB2 EXP 09/27

TO CLERK OF COURT US DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
299 EAST BROWARD BOULEVARD
ROOM 108
FORT LAUDERDALE FL 33301

(000) 000-0000
INV:
PO:
REF:
DEPT:

FedEx
Express

E

J261026012001uv

TRK# 0201 8779 3872 8106

WED - 30 SEP 10:30A
PRIORITY OVERNIG

XP HWOA

33301
FL-US FLL

Envelope
Recycle me

4337 WED 09/30 08:03
299 E BROWARD BLVD
PRIORITY OVERNIGHT
457-4076
ETP: 1
SP:PD:100:Y
33301-1922-33
FORT LAUDERDALE,FL

[redacted] Do no[redacted]

FedEx®

**This envelope is only for FedEx Express® shipments.**

You can help us get your package safely to its destination by packing your items securely. Need help? Go to **fedex.com/packaging** for packing tips.

Check your FedEx shipping document, the current FedEx Service Guide, or the conditions of carriage for complete terms, conditions, and limits of liability.

© 2025 FedEx 155475/155476 REV 2/25

**PAP 21**

Please recycle. See how we are connecting the world in responsible and resourceful ways at **fedex.com/sustainability**. Recycling options may vary by location.

**Scan to learn how we can help make Earth a priority together.**